MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

JUAN PABLO BARRETO ANZURES, *individually and on behalf of others similarly situated,*

       *Plaintiff*,

   -against-

AQUA BEST, INC. (D/B/A AQUA BEST, INC.), ZEE YING CHAN WONG, STEVEN WONG, FREEMAN D. WONG, and DENIS DOE,

       *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Juan Pablo Barreto Anzures ("Plaintiff Barreto" or "Mr. Barreto"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Aqua Best, Inc. (d/b/a Aqua Best, Inc.), ("Defendant Corporation"), Zee Ying Chan Wong, Steven Wong, Freeman D. Wong, and Denis Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.  Plaintiff Barreto is a former employee of Defendants Aqua Best, Inc. (d/b/a Aqua Best, Inc.), Zee Ying Chan Wong, Steven Wong, Freeman D. Wong, and Denis Doe.

2.  Defendants own, operate, or control a fish market, located at 276 Grand Street, New York, New York 10002 under the name "Aqua Best, Inc.".

3.    Upon information and belief, individual Defendants Zee Ying Chan Wong, Steven Wong, Freeman D. Wong, and Denis Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the Fish market as a joint or unified enterprise.

4.    Plaintiff Barreto was employed as a delivery worker at the Fish market located at 276 Grand Street, New York, New York 10002.

5.    Plaintiff Barreto was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to cleaning fish, depositing money in the bank, setting up tables, and setting up fish in the cooler (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiff Barreto worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Barreto appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiff Barreto the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.    Furthermore, Defendants repeatedly failed to pay Plaintiff Barreto wages on a timely basis.

10.    Defendants employed and accounted for Plaintiff Barreto as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants paid Plaintiff Barreto at a rate that was lower than the required tip-credit rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Barreto's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Barreto's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Barreto at the minimum wage rate and enabled them to pay him at the lower tip-credit rate (which they still failed to do).

14.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Barreto's and other tipped employees' tips and made unlawful deductions from Plaintiff Barreto's and other tipped employees' wages.

15.     Defendants' conduct extended beyond Plaintiff Barreto to all other similarly situated employees.

16.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Barreto and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.     Plaintiff Barreto now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the

New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.    Plaintiff Barreto seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Barreto's state law claims under 28 U.S.C. § 1367(a).

20.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a fish market located in this district. Further, Plaintiff Barreto was employed by Defendants in this district.

## PARTIES

*Plaintiff*

21.    Plaintiff Juan Pablo Barreto Anzures ("Plaintiff Barreto" or "Mr. Barreto") is an adult individual residing in New York County, New York.

22.    Plaintiff Barreto was employed by Defendants at Aqua Best, Inc. from approximately October 12, 2013 until on or about June 18, 2018.

23.    Plaintiff Barreto consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.    At all relevant times, Defendants own, operate, or control a fish market, located at 276 Grand Street, New York, New York 10002 under the name "Aqua Best, Inc.".

25.    Upon information and belief, Aqua Best, Inc. (d/b/a Aqua Best, Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 276 Grand Street, New York, New York 10002.

26.    Defendant Zee Ying Chan Wong is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Zee Ying Chan Wong is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Zee Ying Chan Wong possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Barreto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Steven Wong is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Steven Wong is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Steven Wong possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the

wages and compensation of the employees of Defendants, including Plaintiff Barreto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.   Defendant Freeman D. Wong is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Freeman D. Wong is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Freeman D. Wong possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Barreto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.   Defendant Denis Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Denis Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Denis Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Barreto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

30.   Defendants operate a fish market located in the Lower East Side section of Manhattan in New York City.

31.     Individual Defendants, Zee Ying Chan Wong, Steven Wong, Freeman D. Wong, and Denis Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.     Each Defendant possessed substantial control over Plaintiff Barreto's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Barreto, and all similarly situated individuals, referred to herein.

34.     Defendants jointly employed Plaintiff Barreto (and all similarly situated employees) and are Plaintiff Barreto's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiff Barreto and/or similarly situated individuals.

36.     Upon information and belief, Individual Defendants Zee Ying Chan Wong, Steven Wong, Freeman D. Wong, and Denis Doe operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)     defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

37.    At all relevant times, Defendants were Plaintiff Barreto's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Barreto, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Barreto's services.

38.    In each year from 2013 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Fish market on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

40.    Plaintiff Barreto is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

41.    Plaintiff Barreto seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Juan Pablo Barreto Anzures*

42.    Plaintiff Barreto was employed by Defendants from approximately October 12, 2013 until on or about June 18, 2018.

43.    Defendants ostensibly employed Plaintiff Barreto as a delivery worker.

44.    However, Plaintiff Barreto was also required to spend a significant portion of his work day performing the non-tipped duties described above.

45.    Although Plaintiff Barreto ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

46.    Plaintiff Barreto regularly handled goods in interstate commerce, such as Fish and other supplies produced outside the State of New York.

47.    Plaintiff Barreto's work duties required neither discretion nor independent judgment.

48.    Throughout his employment with Defendants, Plaintiff Barreto regularly worked in excess of 40 hours per week.

49.    From approximately October 12, 2013 until on or about June 18, 2018, Plaintiff Barreto worked from approximately 8:30 a.m.  until on or about 8:00 p.m., 6 days a week (typically 69 hours per week).

50.    Throughout his employment, Defendants paid Plaintiff Barreto his wages in cash.

51.    From approximately October 12, 2013 until on or about October 12, 2014, Defendants paid Plaintiff Barreto a fixed salary of $350 per week.

52.    From approximately October 13, 2014 until on or about April 2015, Defendants paid Plaintiff Barreto a fixed salary of $450 per week.

53.     From approximately May 2015 until on or about November 2015, Defendants paid Plaintiff Barreto a fixed salary of $470 per week.

54.     From approximately December 2015 until on or about December 2016, Defendants paid Plaintiff Barreto a fixed salary of $500 per week.

55.     From approximately January 2017 until on or about June 2017, Defendants paid Plaintiff Barreto a fixed salary of $550 per week.

56.     From approximately July 2017 until on or about June 18, 2018, Defendants paid Plaintiff Barreto a fixed salary of $580 per week.

57.     Defendants never granted Plaintiff Barreto any uninterrupted breaks or meal periods.

58.     Plaintiff Barreto was never notified by Defendants that his tips were being included as an offset for wages.

59.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Barreto's wages.

60.     Defendants withheld a portion of Plaintiff Barreto's tips; specifically, Defendants pocketed all of the tips clients paid him for deliveries; in fact, Plaintiff Barreto only received the tips clients left on the tip jar.

61.     Plaintiff Barreto was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

62.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Barreto regarding overtime and wages under the FLSA and NYLL.

63.     Defendants did not provide Plaintiff Barreto an accurate statement of wages, as required by NYLL 195(3).

64.    Defendants did not give any notice to Plaintiff Barreto, in English and in Spanish (Plaintiff Barreto's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

65.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Barreto (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

66.    Plaintiff Barreto was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

67.    Defendants' pay practices resulted in Plaintiff Barreto not receiving payment for all his hours worked and resulted in Plaintiff Barreto's effective rate of pay falling below the required minimum wage rate.

68.    Defendants required Plaintiff Barreto and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

69.    Plaintiff Barreto and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

70.    Plaintiff Barreto's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general Fish market duties, including the non-tipped duties described above.

71.    Plaintiff Barreto and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

72.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Barreto's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

73.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

74.    In violation of federal and state law as codified above, Defendants classified Plaintiff Barreto and other tipped workers as tipped employees and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

75.    Defendants failed to inform Plaintiff Barreto who received tips that Defendants intended to take a deduction against Plaintiff Barreto's earned wages for tip income, as required by the NYLL before any deduction may be taken.

76.    Defendants failed to inform Plaintiff Barreto who received tips, that his tips were being credited towards the payment of the minimum wage.

77.    Defendants failed to maintain a record of tips earned by Plaintiff Barreto who worked as a delivery worker for the tips he received.

78.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Barreto who received tips, by engaging in a pattern, practice, and/or

policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

79.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

80.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

81.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

82.    Defendants paid Plaintiff Barreto his wages in cash.

83.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

84.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Barreto (and similarly situated individuals) worked, and to avoid paying Plaintiff Barreto properly for his full hours worked.

85.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

86.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Barreto and other similarly situated former workers.

87.     Defendants failed to provide Plaintiff Barreto and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

88.     Defendants failed to provide Plaintiff Barreto and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

89.     Plaintiff Barreto brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

90.     At all relevant times, Plaintiff Barreto and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required by the FLSA.

91.     The claims of Plaintiff Barreto stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

92.     Plaintiff Barreto repeats and realleges all paragraphs above as though fully set forth herein.

93.     At all times relevant to this action, Defendants were Plaintiff Barreto's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Barreto (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

94.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

95.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

96.     Defendants failed to pay Plaintiff Barreto (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

97.     Defendants' failure to pay Plaintiff Barreto (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

98.     Plaintiff Barreto (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

99.     Plaintiff Barreto repeats and realleges all paragraphs above as though fully set forth herein.

100.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Barreto (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.     Defendants' failure to pay Plaintiff Barreto (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

102.     Plaintiff Barreto (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

103.     Plaintiff Barreto repeats and realleges all paragraphs above as though fully set forth herein.

104.     At all times relevant to this action, Defendants were Plaintiff Barreto's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Barreto, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

105.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Barreto less than the minimum wage.

106.    Defendants' failure to pay Plaintiff Barreto the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

107.    Plaintiff Barreto was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

108.     Plaintiff Barreto repeats and realleges all paragraphs above as though fully set forth herein.

109.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Barreto overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

110.    Defendants' failure to pay Plaintiff Barreto overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

111.    Plaintiff Barreto was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

112.     Plaintiff Barreto repeats and realleges all paragraphs above as though fully set forth herein.

113.    Defendants failed to pay Plaintiff Barreto one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Barreto's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

114.    Defendants' failure to pay Plaintiff Barreto an additional hour's pay for each day Plaintiff Barreto's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

115.    Plaintiff Barreto was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

116.    Plaintiff Barreto repeats and realleges all paragraphs above as though fully set forth herein.

117.    Defendants failed to provide Plaintiff Barreto with a written notice, in English and in Spanish (Plaintiff Barreto's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

118.    Defendants are liable to Plaintiff Barreto in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

119.    Plaintiff Barreto repeats and realleges all paragraphs above as though fully set forth herein.

120.    With each payment of wages, Defendants failed to provide Plaintiff Barreto with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

121.    Defendants are liable to Plaintiff Barreto in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

122.    Plaintiff Barreto repeats and realleges all paragraphs above as though fully set forth herein.

123.    At all relevant times, Defendants were Plaintiff Barreto's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

124.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the

gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

125.    Defendants unlawfully misappropriated a portion of Plaintiff Barreto's tips that were received from customers.

126.    Defendants knowingly and intentionally retained a portion of Plaintiff Barreto's tips in violations of the NYLL and supporting Department of Labor Regulations.

127.    Plaintiff Barreto was damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

128.    Plaintiff Barreto repeats and realleges all paragraphs above as though set forth fully herein.

129.    Defendants did not pay Plaintiff Barreto on a regular weekly basis, in violation of NYLL §191.

130.    Defendants are liable to Plaintiff Barreto in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Barreto respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Barreto and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Barreto and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Barreto's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Barreto and the FLSA Class members;

(f)      Awarding Plaintiff Barreto and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Barreto and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Barreto;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Barreto;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Barreto;

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Barreto;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Barreto's compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Barreto;

(n)    Awarding Plaintiff Barreto damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(o)    Awarding Plaintiff Barreto damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Barreto liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiff Barreto and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Barreto and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Barreto demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       June 25, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 14, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Juan Pablo Barreto Anzures

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                       14 de junio de 2018

*Certified as a minority-owned business in the State of New York*