```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/3/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN PABLO BARRETO ANZURES,
*individually and on behalf of similarly
situated persons,*

                       Plaintiff,

                       **ORDER**

      -v-

                       18-CV-5753 (JLC)

AQUA BEST, INC., *d/b/a* AQUA BEST, INC.,
ZEE YING CHAN WONG, STEVEN WONG,
FREEMAN D. WONG, *and* DENIS DOE,

                       Defendants.
-----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      The Court has received plaintiff's counsels' letter dated December 27, 2018 requesting a reduced fee award (Dkt. No. 45). Specifically, rather than requesting one-third of the recovery of $175,000, or $58,333, they propose on reconsideration that the Court award fees and costs of $24,075. This amount constitutes five times the firm's calculated lodestar of $4,815, rather than the amount originally sought for fees and costs, which had constituted more than 12 times the firm's lodestar and had prompted the Court to require legal authority to justify the original request. In support of their revised request, plaintiff's counsel cite Judge Abrams' decision in *Pinzon v. Jony Food Corp.,* No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018), in which she awarded the same plaintiff's counsel 5.23 times their lodestar (accepting the hours and fees requested as accurate and reasonable) in an early settlement like this one, and recognized "the importance of encouraging the swift resolution" of straightforward wage-and-hour cases. While plaintiff's counsel does not acknowledge it, Judge Abrams found the issue presented to be "a close question," and noted that the multiplier of 5.23 was "on the high end of those generally allowed in this Circuit, but it is not unheard of." *Id.* (citing cases); *but see Suarez*

*v. Fresh Natural Food Inc.,* No. 17-CV-5280 (VEC) (Dec. 13, 2018) (Dkt. No. 39) (rejecting fee request of nearly five times the lodestar amount but indicating willingness to approve fee award up to three times the lodestar).

I too find the issue to be a close question, and one that needs to be evaluated on a case-by-case basis given the totality of the circumstances.  In this case, plaintiff alleges he has back wages owed of $126,367.50, and estimates that if he had recovered in full for his claims, he would be entitled to approximately $314,022.31, which represents actual damages, penalties, and interest (Dkt. No. 43, at 2).  There is, of course, no guarantee that plaintiff would have recovered in full, and with the revised fee award, plaintiff will be recovering $150,925.00, which exceeds the wages that he alleges are owed to him.  In these circumstances, the Court is willing to approve the proposed reduced award of $24,075, largely for the same reasons as Judge Abrams.  However, this Order is limited to the facts presented in this case, and should not be cited for the general proposition that a multiplier of five times the lodestar amount will necessarily pass muster in other cases.[1]

---

[1] Interestingly, in *Oropeza v. Genmark Restaurant*, No. 16-CV-6159 (KNF), 2018 WL 1737762, at *2 (Mar. 6, 2018), in which Magistrate Judge Fox had rejected a fee allocation of $30,000 (out of a $90,000 settlement), which was approximately seven times the lodestar, the same plaintiff's counsel agreed to accept the court-calculated lodestar, or $4,387.50, as their fees in the case, rather than some multiplier of the lodestar.  Plaintiff's counsel do not explain why they chose not to proceed along those lines in this case.

In sum, the Court approves the revised proposed attorneys' fees and costs on the present record. Plaintiff shall receive $150,925 and plaintiff's counsel shall receive $24,075.

The settlement having now been approved in its entirety, this action is hereby dismissed with prejudice, and the Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: January 3, 2019
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge